IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL A. SALVAGGI, | : | Civil No. 3:20-cv-1924 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| THE PENNSYLVANIA BOARD OF PROBATION AND PAROLE, *et al.*, | : | |
| Defendants | : | |

FILED
SCRANTON

DEC 06 2021

PER_____
DEPUTY CLERK

## MEMORANDUM

Plaintiff Michael Salvaggi ("Salvaggi") is an individual who was formerly in the custody of the Pennsylvania Department of Corrections. Before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with Court Orders. (Doc. 27). For the reasons set forth below, the Court will grant Defendants' motion.

**I.   Factual Background & Procedural History**

Salvaggi commenced this action pursuant to 42 U.S.C. § 1983. (Doc. 1). Named as Defendants are the Pennsylvania Board of Probation and Parole, Parole Supervisor Bernard Dabaskas, and Parole Agent Cheryl Zaladonis.

Salvaggi absconded on November 12, 2021. (*See* Docs. 28-1, 28-2). In an effort to ascertain the custodial status of Salvaggi, the Court accessed the Victim Information and Notification Everyday portal ("VINELink") and entered his inmate number (HD2567), which

confirmed that Salvaggi is "out of custody" and has "absconded." See VINELink, https://vinelink.com/#/search (last accessed December 6, 2021). Because the Court has been unable to communicate with Salvaggi, an Order was issued directing Salvaggi to provide his current address and to notify the Court as to whether he intended on pursuing this action, and warning him that a failure to respond, or return of the Order as undeliverable, would be construed as an abandonment of the litigation and result in dismissal of this action. (Doc. 30). Salvaggi failed to respond in any way to the Court's Order.

On November 22, 2021, Defendants filed a motion to dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to comply with Court Orders. (Doc. 27). Salvaggi failed to respond to the motion and the time for responding has now passed. The motion is deemed unopposed and ripe for resolution.

II.     **Discussion**

In moving to dismiss pursuant to Rule 41(b), Defendants contend that the factors set forth by the United States Court of Appeals for the Third Circuit in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984), support dismissal of Salvaggi's complaint. (Docs. 27, 28). The *Poulis* court has identified six factors a court should consider before dismissing an action for failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or

2

the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis*, 747 F.2d at 868 (emphases omitted). Not all of the *Poulis* factors need be satisfied to dismiss a complaint. *See Shahin v. Delaware*, 345 F. App'x 815, 817 (3d Cir. 2009) (citing *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)).

In the present matter, Salvaggi is *pro se* and is solely responsible for his actions. *See Colon v. Karnes*, 2012 U.S. Dist. LEXIS 14692, at *7 (M.D. Pa. 2012) ("Plaintiff is proceeding pro se, and thus is responsible for his own actions."). Salvaggi has not communicated with the Court for approximately six months. The Court can only conclude that Salvaggi is personally responsible for failing to inform the Court of his whereabouts.

Second, prejudice to the adversary generally includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Adams v. Trustees of N.J. Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994). Prejudice also includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Salvaggi's continued failure to communicate with the Court and his continued inaction frustrates and delays the resolution of this case. This failure to communicate prejudices the Defendants who likely seek a timely resolution of the case. *See Azubuko v. Bell National*

3

*Organization*, 243 F. App'x 728, 729 (3d Cir. 2007) (stating that plaintiff's failure to file an amended complaint prejudices the defendants and compels dismissal).

Third, Salvaggi has established a history of dilatoriness through his failure to notify the Court of his whereabouts and failure to comply with Court Orders and rules. As is clear from the procedural background of this case, Salvaggi has not communicated with the Court since June 2021. (Doc. 20). On November 22, 2021, the Court issued an Order directing Salvaggi to provide his current address and to notify the Court as to whether he intended on pursuing this action, and notifying him that a failure to respond, or return of the Order as undeliverable, would be construed as an abandonment of the litigation and result in dismissal of this action. (Doc. 30). The deadline to file the notice has expired. A *pro se* plaintiff has the affirmative obligation to keep the Court informed of his address. (*See* M.D. PA. L.R. 83.18 (providing that a *pro se* plaintiff "shall maintain on file with the clerk a current address at which all notices and copies of pleadings, motions or papers in the action may be served upon such party.")). It is clear that Salvaggi has failed to comply with the terms set forth in Local Rule 83.18.

Regarding the next factor, "[w]illfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 874. It appears that at least some of this dilatory behavior was performed willfully and in bad faith, as Salvaggi has offered no explanation for his failure to communicate with the Court and failure to provide the Court with his current address. *Gagliardi v. Courter*, 144 F. App'x 267, 268 (3d Cir. 2005) (holding that the district court did

4

not abuse its discretion by dismissing plaintiff's complaint for failure to prosecute, where plaintiff failed to respond to defendants' motion to dismiss for more than three months and this failure to comply prejudiced defendants).

Fifth, a district court must consider the availability of sanctions alternative to dismissal. *Poulis*, 747 F.2d at 869. Given Salvaggi's indigence, alternative, monetary, sanctions would not be effective. *See Dennis v. Feeney*, 2012 U.S. Dist. LEXIS 7328, at *5 (M.D. Pa. 2012) (finding, "monetary sanctions are unlikely to be efficacious given that Plaintiff is indigent"). Moreover, the Court is incapable of imposing a lesser sanction without knowledge of Salvaggi's whereabouts.

The final *Poulis* factor is meritoriousness of the claim. A claim will be deemed meritorious when the allegations of the complaint, if established at trial, would support recovery. *Poulis*, 747 F.2d at 870. The standard for a Rule 12(b)(6) motion to dismiss is utilized in determining whether a claim is meritorious. *Poulis*, 747 F.2d at 869-70. The Court finds that consideration of this factor cannot save Salvaggi's claims, since he is now wholly non-compliant with his obligations as a litigant. Thus, the weight of this factor is lessened and, following a full analysis of the *Poulis* factors, the majority of the six factors weigh in favor of Defendants.

### III. Conclusion

Salvaggi's last communication with the Court was in June 2021. It is clear that Salvaggi has absconded and is no longer in custody. Despite being ordered to provide the

Court with his current address, Salvaggi has failed to reply and failed to move this litigation forward. The Court finds that any further action on this case would constitute a waste of judicial resources. Therefore, Defendants' motion (Doc. 27) to dismiss pursuant to Federal Rule of Civil Procedure 41(b) will be granted.

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: December 6, 2021